UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

LARISA FRIMERMAN,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, LARISA FRIMERMAN, is a citizen of the state of New York.

2. Defendant, NCL (BAHAMAS) LTD., is a corporation incorporated in Bermuda with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. Defendant NCL, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Norwegian Gem*.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Norwegian Gem* ("the vessel").

9. At all times material hereto, Defendant had exclusive custody and control of the vessel.

10. At all times material hereto, Defendant had the non-delegable duty to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress to and from the subject vessel. *Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309, 1319 (11th Cir. 2003); *McBride v. Carnival Corp.*, 2019 WL 3503338 (S.D. Fla. August 1, 2019). The non-delegable duty also "includes 'a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit.'" *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 794 (11th Cir. 2017) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)).

11. On or about April 7, 2023[1], Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

12. The ports at which Defendant call are part and parcel of the cruise and vacation experience.

13. On or about April 7, 2023, the subject vessel was in Bermuda, one of the ports chosen by Defendant to become part of the cruise for the subject vessel.

14. On or about April 7, 2023, Plaintiff embarking the subject vessel after the NCL port stop in Bermuda. The gangway and walkway were the only means for passengers, including Plaintiff, to exit and enter the subject vessel. All passengers, including Plaintiff, were required to take the designated pathway from the customs/security area to the gangway to in order to get back on the vessel.

15. Crewmembers of the subject vessel set up the gangway area, which included a visual inspection of the area, prior to allowing passengers to disembark the subject vessel. Crewmembers are also required to meet with port officials, necessitating the need for shipboard personnel to traverse between the subject vessel and the customs/security area, which is the same pathway that passengers are subsequently required to walk on. In addition, all crewmembers who went ashore for their work duties and/or for their leisure were required to walk along the same pathway.

16. On or about the afternoon of April 7, 2023, the Plaintiff walking along the gangway to embark the vessel, when she slipped and/or tripped and fell on an unsafe flooring surface and sustained severe injuries.

17. The unreasonably hazardous and/or dangerous nature of the walking surface was not open and obvious. There were no warning or caution signs present and the subject area was not marked or cordoned off. There was nothing that would have alerted the Plaintiff to the dangerous and hazardous condition.

---

[1] Per agreement between the parties, the statute of limitations was extended until June 7, 2024.

18. The subject area constituted as a dangerous condition for reasons that include, but were not limited to:

   a. The subject area contained an uneven walking surface with cracks and holes which created an unreasonably hazardous and/or dangerous condition;

   b. Defendant failed to place signs, warnings, markings, and/or cordon off in or around the subject area which could have reasonably communicated to Plaintiff of the dangerous and/or hazardous walking surface, as outlined above; and

   c. Defendant failed to provide Plaintiff with any verbal warnings or cautions which could have reasonably communicated to Plaintiff of the dangerous and/or hazardous walking surface, as outlined above.

19. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s), as outlined above, for reasons that include, but were not limited to:

   a. Prior to and/or at the time of Plaintiff's injury-producing incident, as outlined above, Defendant's crewmembers had set up the subject gangway area and conducted a visual inspection of the area, per Defendant's policies and procedures, and did not and/or should have observed the dangerous condition(s), as outlined above, which caused Plaintiff's injuries but did not take appropriate remedial measures to prevent Plaintiff's incident;

   b. Prior to and/or at the time of Plaintiff's injury-producing incident, as outlined above, Defendant's crewmembers traversed the subject area and did not and/or should have observed the dangerous condition(s), as outlined above, which caused Plaintiff's injuries but did not take appropriate remedial measures to prevent Plaintiff's incident;

   c. Prior to and/or at the time of Plaintiff's injury-producing incident, as outlined above, Defendant's crewmembers were standing within a close distance of the subject area

and/or were actively monitoring the same for hazards, per Defendant's policies and procedures, and did and/or should have observed the dangerous condition(s), as outlined above, which caused Plaintiff's injuries but did not take appropriate remedial measures to prevent Plaintiff's incident;

d. Prior to and/or at the time of Plaintiff's injury-producing incident, as outlined above, Defendant installed video cameras to monitor the subject area. Had Defendant reasonably monitored the subject area via those cameras Defendant did and/or would have observed the dangerous condition(s), as outlined above, which caused Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent Plaintiff's incident; and

e. As per Defendant's policies and procedures, Defendant's crewmembers did and/or should have continuously monitored the subject area to identify and remedy hazardous conditions. Had Defendant and/or its crewmembers reasonably complied with those policies and procedures Defendant would have observed the dangerous condition(s), as outlined above, which caused Plaintiff's injuries, but Defendant did not take appropriate remedial measures to prevent Plaintiff's incident.

20. As a result of the negligence of Defendant and its actions and failures to provide Plaintiff with a reasonably safe place to walk, Plaintiff sustained substantial injuries.

## COUNT I – GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

21. At all times material hereto, Defendant had a non-delegable duty to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress to and from the subject vessel. *Vierling*, 339 F.3d at 1319; *McBride*, 2019 WL

3503338.

22. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to provide passengers, including Plaintiff, with a reasonably safe means of ingress and egress to and from the subject vessel;

   b. Failure to adequately and regularly monitor the subject area where Plaintiff fell in order to maintain it free of hazardous and/or dangerous conditions;

   c. Failure to close off and/or place warning signs on or around the hazardous and/or dangerous areas of the subject area where Plaintiff's incident occurred;

   d. Failure to analyze prior trip and fall accidents that occurred in the same manner and/or subject area as Plaintiff's incident;

   e. Failure to correct hazardous conditions following other trip and fall accidents that occurred in the same manner and/or subject area as Plaintiff's incident;

   f. Failure to provide adequate assistance, supervision, monitoring, and/or instruction to passengers, including Plaintiff, so as to provide a safe means of ingress and egress to and from the subject vessel;

   g. Failure to promulgate and/or enforce adequate policies and/or procedures so that passengers, including Plaintiff, had a reasonably safe means of ingress and egress to and from the subject vessel;

   h. Failure to promulgate and/or enforce policies and or procedures and/or standards to ensure the safety of passengers while they embarked and disembarked at the subject port of call;

i. Failure to engage proper and reasonable safeguards to prevent passengers from being injured while embarking and disembarking at the subject port of call; and

j. Failure to promulgate and/or enforce rules or procedures to ensure that crew members are adequately supervising, instructing, and/or helping passengers during the embarking and disembarkation process.

k. Other acts or omissions constituting a breach of duty to use reasonable care under the circumstances which are revealed through discovery.

23. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

24. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area.  *See generally Bahr v. NCL (Bahamas) Ltd.,* Case No. 19-CV-22973 (S.D. Fla. 2021) (cruise passenger was injured by dangerous condition on a gangway); *Frederick v. NCL (Bahamas) Ltd.*, Case No. 19-CV-24532 (S.D. Fla. 2019) (cruise passenger was injured after falling on a wet and slippery gangway); *Carroll v. NCL (Bahamas) Ltd.*, Case No. 19-CV-24532 (S.D. Fla. 2019) (cruise passenger was injured after falling on a negligently maintained gangway); *Ruiz v. NCL (Bahamas) Ltd.*, Case No. 17-cv-23200-FAM (S.D. Fla. 2017) (cruise passenger was injured when he fell on the uneven, slippery, and/or irregular surface of the subject vessel's gangway).  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

25. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

26. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress to and from the subject vessel. *Vierling,* 339 F.3d at 1319; *McBride*, 2019 WL 3503338.

27. At all times material hereto, Defendant had a non-delegable duty to warn passengers, like Plaintiff, of the dangers that were known or reasonably should have been known to Defendant in places where passengers, like Plaintiff, "are invited or reasonably expected to visit." *Wolf*, 683 F. App'x at 794 (citing *Chaparro*, 693 F.3d at 1336).

28. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

29. On or about the above date, Plaintiff was walking on Defendant's assigned pathway for ingress and egress to and from the subject vessel. This was a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be during the cruise.

30. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to warn Plaintiff of the unreasonably hazardous and/or dangerous condition of the subject area;

   b. Failure to adequately warn Plaintiff of the poorly maintained subject area;

   c. Failure to warn Plaintiff of the risks and/or dangers associated with the unreasonably hazardous and/or dangerous nature of the subject area including, but not limited to, the hazardous and/or dangerous condition of the walking surface which was in disrepair and/or under construction;

   d. Failure to adequately warn passengers, including Plaintiff, that there would not be sufficient assistance, supervision, monitoring, and/or instruction to provide a safe means of ingress and egress to and from the subject vessel; and

   e. Failure to warn passengers, including Plaintiff, of other falls and accidents that previously occurred in the manner and/or subject area as Plaintiff's incident.

31. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

32. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically

acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Bahr v. NCL (Bahamas) Ltd.*, Case No. 19-CV-22973 (S.D. Fla. 2021) (cruise passenger was injured by dangerous condition on a gangway); *Frederick v. NCL (Bahamas) Ltd.*, Case No. 19-CV-24532 (S.D. Fla. 2019) (cruise passenger was injured after falling on a wet and slippery gangway); *Carroll v. NCL (Bahamas) Ltd.*, Case No. 19-CV-24532 (S.D. Fla. 2019) (cruise passenger was injured after falling on a negligently maintained gangway); *Ruiz v. NCL (Bahamas) Ltd.*, Case No. 17-cv-23200-FAM (S.D. Fla. 2017) (cruise passenger was injured when he fell on the uneven, slippery, and/or irregular surface of the subject vessel's gangway). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

33. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

### COUNT III – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

34. At all times material hereto, Defendant had a non-delegable duty to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress to and from the subject vessel. *Vierling*, 339 F.3d at 1319; *McBride*, 2019 WL 3503338.

35. At all times material hereto, Defendant had a non-delegable duty to maintain the subject area in a reasonably safe condition so that passengers, including Plaintiff, had a reasonably safe means of ingress and egress to and from the subject vessel.

36. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect the subject area to determine whether the subject area was unreasonably hazardous and/or dangerous in nature;

   b. Failure to maintain the subject area in a reasonably safe condition in light of the anticipated use; and

   c. Failure to reasonably maintain the subject area free of dangerous conditions so passengers, including Plaintiff, had a reasonably safe means of ingress and egress to and from the subject vessel.

   d. Failure to adequately, timely, and regularly inspect and maintain the subject flooring surface in a reasonably safe condition, including, but not limited to, in a manner that was safe for passengers to traverse and/or hazardous; and/or

   e. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of slip-and-fall hazards; and/or

    f.    Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject flooring surface in a reasonably safe condition.

37. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

38. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Bahr v. NCL (Bahamas) Ltd.,* Case No. 19-CV-22973 (S.D. Fla. 2021) (cruise passenger was injured by dangerous condition on a gangway); *Frederick v. NCL (Bahamas) Ltd.*, Case No. 19-CV-24532 (S.D. Fla. 2019) (cruise passenger was injured after falling on a wet and slippery gangway); *Carroll v. NCL (Bahamas) Ltd.*, Case No. 19-CV-24532 (S.D. Fla. 2019) (cruise passenger was injured after falling on a negligently maintained gangway); *Ruiz v. NCL (Bahamas) Ltd.*, Case No. 17-cv-23200-FAM (S.D. Fla. 2017) (cruise passenger was injured when he fell on the uneven, slippery, and/or irregular surface of the subject vessel's gangway). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

39. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are

permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

Dated: May 10, 2024

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, FL 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Marc E. Weiner*
**MARC E. WEINER**
Florida Bar No. 91699
mweiner@lipcon.com

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .